

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2007

# McKowan Lowe Co v. Jasmine Ltd

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2925

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McKowan Lowe Co v. Jasmine Ltd" (2007). *2007 Decisions.* Paper 573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2925

———

MCKOWAN LOWE & CO., LTD; HARRY BERGER;
AETNA CASUALTY & SURETY COMPANY


v.

JASMINE, LTD.; IRVING MANGEL;
JAMES STEWART; JACK AEZEN;
LUJACO, LTD.; FISHBEIN & COMPANY, P.C.;
SAMUEL J. MANGEL; UNITED JERSEY BANK;
MARVIN WEISS; MELVIN TWERSKY;
EDWARD W. MASKALY; STEVEN B. SANDS;
MARTIN SANDS; THOMAS J. CIOCCO;
SANDS BROTHERS & CO; EVELYN WONG;
TONY NGAI; LLOYD SAUNDERS;
SHERMAN HENDERSON, and ARTHUR ANDERSON, L.L.P.

(N.J. (Camden) D.C. No. 94-cv-05522)

HARRY BERGER, individually and on
behalf of a class similarly situated

v.

JASMINE, LTD.; IRVING M. MANGEL;
MELVIN TWERSKY; EDWARD W. MASKALY;
SAMUEL J. MANDEL; STEVEN B. SANDS;
MARTIN SANDS; THOMAS CIOCCO;
SANDS BROTHERS & CO;
MCKOWAN LOWE & COMPANY, LTD.;
EVELYN WONG; TONY NGAI; LUJACO, LTD.

(N.J. (Camden) D.C. No. 96-cv-02318)

AETNA CASUALTY & SURETY COMPANY

v.

JASMINE, LTD.; IRVING MANGEL; and
SAMUEL J. MANGEL

(N.J. (Camden) D.C. No. 97-cv-03780)

Harry Berger; Bernard L. Cutler,

                                          Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a),
June 28, 2007

Before: BARRY, FUENTES and GARTH, Circuit Judges.

(Filed: August 17, 2007)
_____

OPINION
_____

FUENTES, Circuit Judge.

The long history of this case began with a securities fraud class action, brought by

shareholders of Jasmine, Ltd., arising out of alleged misrepresentations and omissions in

Jasmine's registration statement and prospectus filed in connection with its Initial Public

Offering in 1993. Plaintiffs brought claims under Sections 11 and 12(a)(2) of the

Securities Act of 1933; Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder; the New Jersey Uniform Securities Law of 1953; the Illinois Securities Law (2007) and the Illinois Consumer Fraud and Deceptive Business Practices Act; as well as claims under common law theories of fraudulent and negligent misrepresentation.

After many years of discovery, on October 1, 2004, Anderson and its co-defendants moved for summary judgment on all claims. On November 12, 2004, plaintiffs cross-moved for summary judgment on their Section 11 and Section 12 claims. On June 30, 2005, the District Court (1) granted defendants' motions with respect to plaintiffs' Section 10(b) and Section 11 claims because, among other reasons, plaintiffs failed to produce any evidence of loss causation; (2) denied defendants' motions with respect to plaintiffs' remaining claims (Section 12 and other state law claims); and (3) denied plaintiffs' cross-motion for summary judgment.

In response to the Court's June 2005 order and opinion, plaintiffs conceded that the absence of loss causation would entitle *all* defendants to summary judgment on *all* claims, except the claims against the Sands Defendants pursuant to Section 12(a)(2), Illinois statutes, and New Jersey common law. See App. at 8-14. The District Court accepted this concession, as well as defendants' loss causation arguments on these remaining claims, and ultimately dismissed all of plaintiffs' claims against all

defendants.[1]  This timely appeal followed.

By now, the parties are well versed in the facts and procedural history of this case, which are set forth in detail in the District Court's June 30, 2005 opinion.  We will not reproduce them here.  Indeed, we conclude based on our independent review of the voluminous record and briefs in this case that we have little to add to the District Court's extensive, well reasoned, and legally correct resolution of this case in its many opinions—particularly, its June 30, 2005 opinion.  We adopt and affirm that reasoning here.

Most importantly, we agree with the District Court's resolution of the critical issues of loss causation and proximate cause.  In short, plaintiffs failed to show that prior to the statistically significant drops in Jasmine's stock, there were *any* disclosures to the market—direct or indirect—which revealed the truth that was allegedly concealed by misstatements or omissions in Jasmine's 1993 registration statement and prospectus.  The District Court's holding that this failure of proof is fatal to plaintiffs' claims was a correct application of Semerenko v. Cendant Corp., 223 F.3d 165, 185-86 (3d Cir. 2000), and also follows from the Supreme Court's decision in Dura Pharms., Inc. v. Broudo, 544

---

[1]  Appellants seek review of the District Court's orders entered on May 5, 2006, December 20, 2005, August 23, 2005, June 30, 2005, June 26, 2003, September 23, 1999, March 9, 1999, August 6, 1998, and December 1, 1997, which, collectively, fully and finally disposed of all claims with respect to all parties.  We have jurisdiction under 28 U.S.C. § 1291.

4

U.S. 336 (2005).[2]  For this reason, and all those explained by the District Court with

respect to all of plaintiffs' claims, we will affirm each of the orders on appeal.

---

[2]  Dura explained that "'artificially inflated purchase price' is not itself a relevant economic loss," id. at 347, because if a purchaser sells shares with an inflated price "quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss," and "the most logic alone permits us to say is that the higher purchase price will *sometimes* play a role in bringing about a future loss," id. at 342-43.